# United States Court of Appeals
# for the Fifth Circuit

No. 25-10252
CONSOLIDATED WITH
No. 25-10254
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 21, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MICHAEL LEDON LEE,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Northern District of Texas
USDC Nos. 7:24-CR-14-1, 7:16-CR-3-1

Before STEWART, HAYNES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Michael Ledon Lee appeals his conviction and sentence for possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). He also appeals the revocation of supervised release and sentence imposed

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

25-10252
c/w No. 25-10254

in a separate proceeding. The Government has moved without opposition for summary affirmance or, alternatively, for an extension of time to file its appellate brief.

On appeal, Lee argues that § 922(g)(1) violates the Commerce Clause and the Second Amendment. Because his brief does not address the validity of the revocation or the revocation sentence, Lee abandons any challenge to that judgment. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Lee's Commerce Clause argument and facial challenge to § 922(g)(1), which we review de novo, *see United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014), are foreclosed, *see United States v. Diaz*, 116 F.4th 458, 461-62, 471-72 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025); *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013). Lee's as-applied challenge to § 922(g)(1) is foreclosed as well. *See United States v. Giglio*, 126 F.4th 1039, 1043-46 (5th Cir. 2025).

Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary affirmance is appropriate. Accordingly, the motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time to file its brief is DENIED as unnecessary.